UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00304-MOC

| | | |
|---|---|---|
| **HASSAAN HAAKIM RASHAAD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). Petitioner contends that in light of recent decisions of the Fourth Circuit and Supreme Court, his 2002 sentence is no longer valid. For the reasons that follow, the court dismisses the petition inasmuch as petitioner received a lawful sentence that remains lawful in light of recent decisions of the Court of Appeals for the Fourth Circuit.

I.

Upon filing the petition, the court conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255, and found that: (1) the petition has been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C. § 2255; (2) that such is a second or successive petition; and (3) that petitioner has not applied for or received permission from the Court of Appeals for the Fourth Circuit to file a second or successive petition. Based on such screening, the court concluded petitioner had not stated a viable claim under § 2255.

In an abundance of caution, the court conducted a further screening to determine whether petitioner had attempted to assert any other claim. That review revealed that petitioner was

contending that the sentence, while lawfully imposed in 2002, was no longer lawful due to subsequent decisions of the United States Supreme Court and the Fourth Circuit, which he contends make a number of his prior felony convictions, deemed violent felonies at the time of sentencing, no longer violent felonies. Petitioner contends that the sentencing court, therefore, unlawfully enhanced his sentence and that he was improperly classified as a career offender. Construing such petition in a light most favorable to petitioner, the court found that he may be asserting a claim under Section 2241. Based on such additional screening, the court directed the respondent to Answer or otherwise respond to the petition.

II.

A petition under § 2241 is permissible to test the legality of a conviction where a § 2255 motion is inadequate or ineffective, which occurs when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir.2000)). Applying those factors, the Farrow court held that the defendant's challenge to his armed career status was not cognizable through a § 2241 petition. Earlier, the Fourth Circuit held that the savings clause only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of a sentencing factor. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir.2008) (holding that "the reach of the savings clause" of § 2255 does not extend "to those petitioners challenging only their sentence" (citation omitted)). Poole, 531 F.3d at 267 n. 7 (citing In re Jones, 226 F.3d at 333–34). Even where a defendant contends that he is actually innocent of a sentencing enhancement or where a

sentencing enhancement was improperly assigned, the savings clause does not allow a petitioner to proceed under §2241. Boynes v. Berkebile, 2012 WL 1569563, at *6 (S.D.W.Va. May 1, 2012).

While cognizant of such line of decisions, the court notes that there is a split among the circuits concerning the reach of the Savings Clause and that since such holdings, the United States has conceded relief in a number of cases. The split was created by the Seventh Circuit's decision in Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013). In Brown, the government conceded that the erroneous application of a mandatory career offender Guideline is a *fundamental sentencing defect* that can be remedied under § 2241. With that concession, the Court of Appeals for the Seventh Circuit determined, as follows:

> [t]he text of the clause focuses on the legality of the prisoner's detention, see § 2255(e) (applicable where § 2255 remedy is "inadequate or ineffective to test the legality of his detention") (emphasis added); it does not limit its scope to testing the legality of the underlying criminal conviction…. sentences imposed pursuant to erroneous interpretations of the mandatory guidelines bear upon the legality of the petitioner's detention for purposes of the savings clause. For a prisoner serving a sentence imposed when the guidelines were mandatory, a § 2241 habeas petition raising a guidelines error "tests the legality of his detention" within the meaning of the savings clause, § 2255(e), because the guidelines had the force and effect of law; the only lawful sentence was a guidelines sentence. Accordingly, provided that the other Davenport conditions are present, we conclude that a petitioner may utilize the savings clause to challenge the misapplication of the career offender Guideline, at least where, as here, the defendant was sentenced in the pre- Booker era.

Id. at 588 (footnote omitted). Thus, under Brown, a limited exception exists (at least in the Seventh Circuit) where a petitioner establishes the following:

(1) the petitioner was sentenced in the pre- Booker era when the guidelines were considered mandatory;
(2) there is a retroactive statutory interpretation opinion by the United States Supreme Court rendering the sentencing court's decision unlawful; and

(3) at the time of the first § 2255 petition, there was binding precedent foreclosing the argument made in the pending § 2241 petition.

Id. at 585–86. Since its decision in Brown, the Seventh Circuit has declined to extend such holding to post-Booker[1] sentencing errors. Hawkins v. United States, 706 F.3d 820, 822–24 (7th Cir.2013) (holding that an otherwise final sentence that exceeds the statutory maximum or that exceeds a mandatory Guideline range may be challenged on collateral review, but "an error in the interpretation of a merely advisory guidelines is less serious" and "[g]iven the interest in finality, it is not a proper basis for voiding a punishment lawful when imposed"), *supplemented on denial of rehearing en banc*, 724 F.3d 915, 2013 WL 3942324 (7th Cir. July 31, 2013).

Closer to home, courts in the Fourth Circuit which have addressed the issue post-Brown have recognized that the Fourth Circuit is on the other side of the divide:

> Thus, the circuits have split on this issue of cognizability. Even in those circuits where such claims have been found to be non-cognizable, the conclusion has been subject to well-considered debate. *See, e.g., Sun Bear*, 644 F.3d at 707–12 (Melloy, J., dissenting); *Hawkins*, 724 F.3d 915, 2013 WL 3942324 (Rovner, J., dissenting); *see also Gilbert v. United States*, 640 F.3d 1293 (11th Cir.2011) (refusing to allow a similar claim that was barred as a "second or successive" motion); *but see Gilbert*, 640 F.3d at 1336–38 (Hill, J., dissenting); *Gilbert*, 640 F.3d at 1330–36 (Martin, J., dissenting). All of these decisions and opinions focus on the tension between "fairness" and "finality" in these circumstances. As discussed above, it appears that the relevant Fourth Circuit case law would support the conclusion that such claims, like the claims raised by Petitioner in this case, are not cognizable on collateral review.

Foote v. United States, 2013 WL 5355543, *8 (M.D.N.C. Sept. 24, 2013) (footnote omitted). In other cases in this district, the government has conceded that some petitioners are entitled to relief under Section 2241. Such concession changes the calculus under Farrow as that decision did not involve a situation where the government had conceded that petitioner was entitled to

---

1  *United States v. Booker*, 543 U.S. 220 (2005). Booker was decided January 12, 2005.

relief and Farrow was not informed by the Supreme Court's decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013) and Hicks v. Oklahoma, 447 U.S. 343, 346-47 (1980).

For those reasons, the court required the respondent to address petitioner's contention.

III.

The government has addressed petitioner's contention that under Descamps v. United States, 133 S.Ct. 2276 (2013) he was improperly sentenced as a career offender based on a prior North Carolina conviction for breaking and entering, a violation of N.C.Gen.Stat. § 14-54(a), which he contends no longer constitutes a crime of violence in light of Descamps. The day after this court issued its Screening Order, the Court of Appeals for the Fourth Circuit resolved the issue raised by petitioner in United States v. Mungro, 754 F.3d 267 (4th Cir. 2014). In Mungro, the appellate court held the offense of breaking and entering under North Carolina law qualifies as a violent felony under the Armed Career Criminal Act as the statute "sweeps no more broadly than generic burglary" and, therefore, qualifies as a crime of violence under the categorical approach. Id. at 272.

Thus, petitioner's claim is, therefore, without merit and will be dismissed.

IV.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v.

McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1), deemed to be a petition under Section 2241, is **DENIED**, and this action is **DISMISSED**. The court denies a certificate of appealability.

Signed: October 6, 2014

Max O. Cogburn Jr.
United States District Judge